IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIM. ACTION 23-0105-WS |
| | ) |
| MARIO AGUILAR RUIZ, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the defendant's motion to dismiss the indictment. (Doc. 19). The government filed a response, (Doc. 25), and the defendant elected not to file a reply. (Doc. 20).

The one-count indictment charges the defendant with knowingly possessing a firearm while knowing his status as an alien illegally and unlawfully in the United States, in violation of 18 U.S.C. § 922(g)(5)(A). (Doc. 1). The defendant argues that this statute is unconstitutional under the analysis set forth in *New York State Rifle & Pistol Association, Inc.*, 142 S. Ct. 2111 (2022). The government responds that the Court is bound by the Eleventh Circuit's pre-*Bruen* ruling in *United States v. Jimenez-Shilon*, 34 F.4th 1042 (11th Cir. 2022). The Court agrees.

The *Jimenez-Shilon* panel held that Section 922(g)(5)(A) "does not … violat[e] the Second Amendment." 34 F.4th at 1043. "Under our prior panel precedent rule, we are bound to follow a prior panel's holding unless and until it is overruled or undermined to the point of abrogation by an opinion of the Supreme Court or of this Court sitting en banc." *League of Women Voters Inc. v. Florida Secretary of State*, 66 F.4th 905, 943 (11th Cir. 2023) (internal quotes omitted). "For a Supreme Court decision to undermine panel precedent to the point of abrogation, the decision must be clearly on point and *clearly contrary* to the panel precedent." *Stanley v. City of Sanford*, ___ F.4th ___, 2023 WL 6614448 at *4

(11th Cir. 2023) (emphasis in original, internal quotes omitted). The intervening Supreme Court decision "must actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019) (internal quotes omitted).

The Supreme Court has never held that Section 922(g)(5)(A) violates the Second Amendment. *Bruen* therefore does not "directly conflict with … the holding of" *Jimenez-Shilon* that Section 922(g)(5)(A) does not violate the Second Amendment. Neither does *Bruen* render such a conclusion untenable.

> We reiterate that the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.

*Bruen*, 142 S. Ct. at 2129-30; *accord id*. at 2126. *Jimenez-Shilon* employed a similar analysis. As for the Constitution's plain text, the panel assumed for argument that the defendant was among "the people" encompassed by the Second Amendment. 34 F.4th at 1045.[1] As for the nation's historical tradition of firearm regulation, the panel "focus[ed] on the Second Amendment's text and history" in concluding, "consistent with [that] text and history," that illegal aliens "do not enjoy the right to keep and bear arms." 34 F.3d at 1046, 1050.

The *Bruen* Court focused on the existence *vel non* of historical restrictive regulations, especially from near the time of the Founding, similar or analogous to the restriction under consideration. 142 S. Ct. at 2131-33, 2139-56. The panel identified such regulations. It first noted that eighteenth-century English law limited the right to own guns to the landed gentry and that aliens were barred from

---

[1] The "plain text" test extends to whether the individual is among "the people." *National Rifle Association v. Bondi*, 61 F.4th 1317, 1324 (11th Cir.), *vacated for rehearing en banc*, 72 F.4th 1346 (11th Cir. 2023).

owning land, meaning they were barred from owning firearms. *Id*. at 1046-47.[2] The panel also noted that some of the colonies disarmed aliens and that several banned gun ownership by slaves, Native Americans, and loyalists, who shared aliens' status as outsiders of dubious allegiance to the sovereign. *Id*. at 1047-48. All of this is in perfect keeping with *Bruen* and sufficient to sustain the constitutionality of Section 922(g)(5)(A) under the *Bruen* methodology.

The *Jimenez-Shilon* Court also read Blackstone and later commentators as indicating that, under English law, aliens had only the rights that were affirmatively extended to them. 34 F.3d at 1047. Similarly, the panel found it significant that the Federalist Papers, proposed versions of the Second Amendment, and many early state constitutions referred to the right of "citizens" to keep and bear arms. *Id*. at 1048-49. As noted, the panel then concluded that "illegal aliens … do not enjoy the right to keep and bear arms." *Id*. at 1050. It is not clear that such considerations and conclusions are appropriate under the "historical tradition of firearm regulation" prong of *Bruen*. To the extent this is so, it is immaterial to the abrogation analysis for at least two reasons.

First, as noted above, the Eleventh Circuit's collection of historical regulations restricting firearm possession by aliens and by other groups sharing with aliens an uncertain allegiance to the polity is by itself sufficient to support the constitutionality of Section 922(g)(5)(A) under *Bruen*. Second, while the Supreme Court's alterations of the proper analysis of an issue may "cast serious doubt" on a panel decision employing the former analysis, "we are unable to say that they undermine our prior decision to the point of abrogation." *Flanigan's Enterprises, Inc. v. City of Sandy Springs*, 831 F.3d 1342, 1346-48 (11th Cir. 2016), *vacated for rehearing en banc*, 864 F.3d 1258 (11th Cir. 2017).

*Jimenez-Shilon* remains binding precedent. Accordingly, the defendant's motion to dismiss is **denied**.

---

[2] The *Bruen* Court acknowledged the relevance of English law sufficiently close to the 1791 ratification of the Bill of Rights. 142 S. Ct. at 2139.

4

DONE and ORDERED this 31st day of October, 2023.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE